UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| MARC OLIN LEVY, | No. C 12-01298 LB |
| Plaintiff, | **ORDER DISMISSING CASE** |
| v. | |
| MASS MUTUAL, | |
| Defendant. | |
| _____/ | |

### I. FACTS

*Pro se* plaintiff Marc Levy filed this suit against defendant Mass Mutual on March 14, 2012. *See* ECF No. 1.[1] The same day, he filed a motion for leave to proceed *in forma pauperis*, IFP Application, ECF No. 2, which this court granted on July 9, 2012, Order, ECF No. 6. The court's order directed the U.S. Marshal for the Northern District of California to serve the relevant documents upon Mass Mutual. *Id.* This was not possible, however, because Mr. Levy failed to provide the Clerk of the Court with Mass Mutual's address. On August 16, 2012, the clerk of court sent Mr. Levy a letter asking for Mass Mutual's address, and enclosed a self-addressed postage paid envelope for Mr. Levy's reply. *See* ECF No. 8. Mr. Levy did not reply.

Thus, on November 5, 2012, the court issued an order extending the date for service and

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

requiring Mr. Levy to show cause why his case should not be dismissed for failure to prosecute. Order to Show Cause, ECF No. 9. The court noted that the original period for Mr. Levy to serve Mass Mutual expired on July 12, 2012, but it found good cause to extend the period to November 6, 2012 because it did not grant Mr. Levy's IFP application until July 9, 2012. *Id*. at 2.[2] The court also ordered Mr. Levy to file a response to its order to show cause no later than November 20, 2012 and warned him that failure to do so could result in the dismissal of his case. *Id*. Mr. Levy has not responded to the court's order. *See generally* Docket.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 120 days after it files the complaint. The 120 days for service runs from the date of the original complaint. *See* Fed. R. Civ. P. 4(m). A court may dismiss a case without prejudice if a plaintiff has not complied with Rule 4(m) unless the plaintiff shows good cause for its failure to serve a defendant. *Id.* If good cause appears, the court must extend the time for service for an appropriate period. *Id.* Whether good cause exists is determined on a case by case basis. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). A plaintiff may show good cause where it attempted to serve a defendant but has not yet completed it, was confused about the requirements for service of process, or was prevented from serving a defendant because of events outside of its control. *See Wei v State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (applying the good cause standard in Rule 4(j) which was replaced by Rule 4(m) in 1993); *Mateo v. M/S KISO*, 805 F.Supp. 792, 795 (N.D. Cal. 1992) (overturned on other grounds). Evasion of service could also constitute good cause for delay in service. *Id.* at 371; *Intrade Industries, Inc. v. Foreign Cargo Mgmt. Corp.*, No. 1:07-CV-1893 AWI GSA, 2008 WL 5397495, at *1 (E.D. Cal. Dec. 24, 2008) (citing *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997)).

## III. DISCUSSION

**A. <u>Whether Mr. Levy Can Demonstrate Good Cause</u>**

Mr. Levy has not responded to the court's order to show cause. Accordingly, he has not

---

[2] November 6, 2012 is 120 days from July 9, 2012.

C 12-01298 LB
ORDER DISMISSING CASE
2

demonstrated good cause. Additionally, the court does not find that Mr. Levy will be unduly prejudiced by a dismissal without prejudice. He has had ample opportunity to provide the Clerk of the Court with an address at which to serve Mass Mutual, such that the court likely could dismiss his claims for failure to prosecute under Rule 41(b), which would preclude any future suit. Given the court's lenient approach to Mr. Levy's inexcusable silence and delay, any prejudice is solely attributable to his actions.

## B. Whether this Court Can Dismiss the Case

Mr. Levy has consented to this court's jurisdiction. Consent (Levy), ECF No. 4. The court does not require the consent of the Mass Mutual to dismiss an action when it has not been served and therefore is not a party under 28 U.S.C. § 636(c). *Ornelas v. De Frantz*, C 00-1067 JCS, 2000 WL 973684, at \*2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)); *cf. United States v. Real Property*, 135 F. 3d 1312, 1316 (9th Cir. 1997) (holding that the consent of an individual who was not a party was not a precondition to the magistrate judge's jurisdiction). Accordingly, the court can dismiss Mr. Levy's case.

## III. CONCLUSION

For the reasons stated above, the court **DISMISSES** this case without prejudice. The Clerk of the Court is directed to close the file.

**IT IS SO ORDERED.**

Dated: November 21, 2012

_____
LAUREL BEELER
United States Magistrate Judge

C 12-01298 LB
ORDER DISMISSING CASE
3